UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA


KATHLEEN M. DIETHORN,          :     CIVIL NO. **3:04-CV-2788**
                               :
           Plaintiff           :     (Judge Conaboy)
                               :
        v.                     :     (Magistrate Judge Smyser)
                               :
JO ANNE B. BARNHART,           :
Commissioner of               :
Social Security,              :
                               :
           Defendant           :


**<u>REPORT AND RECOMMENDATION</u>**


The plaintiff has brought this civil action under the authority of 42 U.S.C. § 405(g) to obtain judicial review of the decision of the Commissioner of Social Security denying the claim of the plaintiff for Social Security disability insurance benefits.


On November 29, 2002, the plaintiff, Kathleen M. Diethorn, applied for disability insurance benefits.  She claimed that she became disabled on November 8, 2002, as the result of depression, anxiety and hypertension.  The claim was

denied initially and on reconsideration.  The plaintiff filed a request for a hearing, and a hearing was held before an administrative law judge (ALJ) on October 23, 2003.

At this hearing the plaintiff and a vocational expert testified.  The plaintiff testified that she was born in 1945 and that her education continued to post graduate work.  She has depression, resulting in a lack of concentration.  She cries, lacks interest in doing things, lacks interest in social interactions, lacks interest in housework and constantly struggles to get things done.  Her husband had recently died, aggravating her condition.  She had worked as a school nurse. Tr. 27-45.  The vocational expert stated that the school nurse work was light work exertionally.  The ALJ asked the vocational expert to assume a person limited to medium work and needing to have a work environment without frequent interaction with the public and without concentrated exposure to environmental respiratory irritants.  This person, said the vocational expert, could not perform the work previously performed by Ms. Diethorn but could do jobs such as kitchen helper, hospital food service worker or machine feeder.  Tr. 45-49.

On November 25, 2003, the ALJ issued her decision
denying the plaintiff benefits.  Tr. 17-24.  The Appeals
Council denied the plaintiff's request for review (Tr.4-6),
making the ALJ's decision the final decision of the
Commissioner.

The plaintiff filed her complaint with this court on
December 23, 2004.  The defendant filed an answer to the
complaint and a copy of the administrative record on March 2,
2005.   Pursuant to Local Rules 83.40.4 and 83.40.5, the
plaintiff filed her brief on May 27, 2005 and the defendant
filed her brief on June 21, 2005.   No reply brief has been
filed.

If the Commissioner's decision is supported by
substantial evidence it must be affirmed. 42 U.S.C. § 405(g).
Substantial evidence means "such relevant evidence as a
reasonable mind might accept as adequate to support a
conclusion." *Plummer v. Apfel*, 186 F.3d 422, 427 (3d Cir.
1999)(quoting *Ventura v. Shalala*, 55 F.3d 900, 901 (3d Cir.
1995).  Substantial evidence is more than a mere scintilla of

evidence but less than a preponderance.  *Brown v. Bowen*, 845 F.2d 1211, 1213 (3d Cir. 1988).

A single piece of evidence is not substantial evidence if the Commissioner ignores countervailing evidence or fails to resolve a conflict created by the evidence.  *Mason v. Shalala*, 994 F.2d 1058, 1064 (3d Cir. 1993).  However, in an adequately developed factual record, substantial evidence may be "something less than the weight of the evidence, and the possibility of drawing two inconsistent conclusions from the evidence does not prevent [the decision] from being supported by substantial evidence."  *Consolo v. Federal Maritime Comm'n*, 383 U.S. 607, 620 (1966).

To facilitate review of the Commissioner's decision under the substantial evidence standard, the Commissioner's decision must be accompanied by "a clear and satisfactory explication of the basis on which it rests."  *Cotter v. Harris*, 642 F.2d 700, 704 (3d Cir. 1981).  Conflicts in the evidence must be resolved and the Commissioner must indicate which evidence was accepted, which evidence was rejected, and the

reasons for rejecting certain evidence. *Id.* at 706-707.  In determining if the Commissioner's decision is supported by substantial evidence the court must scrutinize the record as a whole.  *Smith v. Califano*, 637 F.2d 968, 970 (3d Cir. 1981).

The Commissioner has promulgated regulations creating a five-step process to determine if a claimant is disabled.  The Commissioner must sequentially determine: (1) whether the claimant is engaged in substantial gainful activity; (2) whether the claimant has a severe impairment; (3) whether the claimant's impairment meets or equals a listed impairment; (4) whether the claimant's impairment prevents the claimant from doing past relevant work; and, (5) whether the claimant's impairment prevents the claimant from doing any other work. *See* 20 C.F.R. §404.1520 and 20 C.F.R. §416.920.

The disability determination involves shifting burdens of proof.  The initial burden rests with the claimant to demonstrate that she is unable to engage in her past relevant work.  If the claimant satisfies this burden, then the Commissioner must show that jobs exist in the national economy

5

that a person with the claimant's abilities, age, education,
and work experience can perform.  *Mason v. Shalala*, 994 F.2d
1058, 1064 (3d Cir. 1993).

In this case the ALJ determined that the plaintiff has
not engaged in substantial gainful activity since the alleged
onset date, that she has an impairment that is severe, that her
impairments do not meet or equal any listed impairments, and
that she is not able to perform her past relevant work.   The
ALJ further determined that the plaintiff has the residual
functional capacity[1] to perform medium, unskilled work not
requiring frequent interaction with the public not involving
concentrated exposure to environmental respiratory irritants,
not requiring frequent reading and writing, and not involving
more stress than is typically found in routine, repetitive,
unskilled work and to perform the jobs identified by the
vocational expert.

_____

1.
"Residual Functional Capacity" is "that which an individual is still able to
do despite the limitations caused by his or her impairment(s)."  *Burnett v.
Commissioner of Social Security Adm.,* 220 F.3d 112, 121 (3d Cir. 2000)
(quoting *Hartranft v. Apfel*, 181 F.3d 358, 359 n.1 (3d Cir. 1999)).

6

On the basis of these findings, the ALJ found the
plaintiff not to be disabled.

The plaintiff argues that the decision is not supported
by substantial evidence in that the ALJ did not evaluate all of
the relevant evidence of record and in that the ALJ did not
properly determine the plaintiff's residual functional
capacity.

The plaintiff's argument that the ALJ did not evaluate
all of the relevant evidence is based upon the fact that the
ALJ did not acknowledge the determination by the Commonwealth
of Pennsylvania's Public School Employees Retirement System
(PSERS) that Ms. Diethorn is disabled as to her school nurse
work.  The defendant's argument in opposition is that the state
agency adjudication is not binding upon the Commissioner and
that the determination by the Commonwealth agency is consistent
with the determination of the Social Security Administration
ALJ that the plaintiff can not perform her past relevant work;
specifically, her school nurse job.  The Commonwealth agency
did not decide that the plaintiff has **no** capacity for

substantial gainful activity, the defendant asserts; therefore,

there is not an inconsistency in the defendant's view.


The defendant's argument about the scope and nature of

the PSERS adjudication is based on the October 11, 2002 letter

to Ms. Diethorn from PSERS.  Tr. 85.   This letter is clearly

an insufficient basis, however, to support a reliable and

correct inference about the material finding(s) made by the

state agency about Ms. Diethorn's residual functional capacity

for work other than her work as a school nurse.


The ALJ had the duty to consider the other adjudication

and to state the reason(s) for following, not following or

distinguishing it.  *See Lewis v. Califano*, 616 F.2d 73, 76 (3d

Cir. 1980); *Kane v. Heckler*, 776 F.2d 1130, 1135 (3d Cir.

1985).


The plaintiff argues that the ALJ did not correctly

adjudicate residual functional capacity.  As stated above, upon

a finding that the plaintiff can not perform her past relevant

work, the ALJ's task is to decide whether the Commissioner has

8

proven a residual functional capacity for other substantial

gainful activity.  The ALJ has not clearly identified the

factor(s) that form the basis for her finding that the

plaintiff, who carried her burden of proving that she can not

perform her past relevant (light) work, has the residual

functional capacity for other (medium) work.  One factor is

that which the ALJ has referred to as "credibility."

> "The undersigned does not find the claimant to
> be fully credible regarding her subjective
> complaints or their effect on her ability to
> perform substantial gainful activity.  In spite
> of the claimant's testimony regarding her
> limitations, the medical record documents
> steady improvement.  This is supported by Dr.
> Picciotto, her treating psychiatrist, whose
> records document improvement as early as May
> 2003, with the claimant reporting that she is
> not crying all the time and is feeling better
> than she had been.  Although she had some
> period of adjustment after that related to a
> change in medications, later records similarly
> document gradual improvement in mood and
> symptoms.  While the claimant does allege some
> side effects from her medications, this is not
> supported in the record.  As to her reports of
> activities of daily living, the undersigned
> notes that the claimant has remained fairly
> active since the alleged onset date and her
> activities suggest an ability to perform work
> within the confines of the established residual
> functional capacity.  While the undersigned
> agrees that the claimant cannot perform her
> past relevant work, neither the medical record
> nor the claimant's activities of daily living

9

> support a finding that she is precluded from
> the performance of other work."

Tr. 21.  The ALJ's statement of this factor indicates that the plaintiff was seen to have the burden to show support for a finding that she is precluded from the performance of other work; however, that burden was on the Commissioner.  After citing the factor of credibility, the ALJ cites reports of Dr. Schneider, Dr. Sams and Dr. Picciotti.  The ALJ accorded greatest weight to Dr. Picciotti's report of "gradual improvement following the death of the claimant's husband." Tr. 21.  Having cited no evidence or reasons beyond these, the ALJ stated:

> Accordingly, the undersigned finds the claimant
> retains the following residual functional
> capacity; she is limited to medium, unskilled
> work, not requiring frequent interaction with
> the public, not involving concentrated exposure
> to environmental respiratory irritants, not
> requiring frequent reading and writing, and not
> involving more stress than is typically found
> in routine, repetitive, unskilled work.

Tr. 21.  We do not see how it reasonably can be concluded on the basis of this that the ALJ's decision that the Commissioner had carried the burden of proving a residual functional capacity for substantial gainful activity is supported by

10

substantial evidence.  Therefore, we agree with the plaintiff

that the ALJ did not evaluate all of the relevant evidence.


        In her argument that the ALJ did not properly determine

Ms. Diethorn's residual functional capacity, the plaintiff's

focus is upon both the physical exertional element of the ALJ's

residual functional capacity finding and the finding that a job

condition limiting interaction with the public adequately

vocationally accommodates her depression, fatigue and emotional

problems.  As already noted, the ALJ, having found the

plaintiff to have proven that she can not perform her past

relevant light work, then was required to find the Commissioner

to have proven that the plaintiff could however perform

exertionally heavier work, *i.e.*, medium work.  The ALJ here

first found a residual functional capacity for medium,

unskilled work and thereafter found the plaintiff not to be

able to perform her past relevant light work as a school nurse.

The ALJ found the plaintiff's past relevant work to be

"precluded based upon the testimony of the vocational expert at

the hearing."  Tr. 21

A person of the plaintiff's age without transferable skills is disabled, the Commissioner has stated in the Medical-Vocational Guidelines, if she can perform work at no greater an exertional level than "light work."  Table No. 2, Rule 202.04. The ALJ's decision to attribute a higher exertional capacity to the plaintiff than that of her past relevant work is not discussed or justified in the ALJ's decision.  No evidentiary support for it is cited.  Particularly since the medium work residual functional capacity finding is plainly outcome determinative, a clear statement of the rationale for it is necessary.

The ALJ bases her finding of a level of depression and anxiety no greater than that which can be accommodated by a job not requiring frequent interaction with the public and not involving more stress than is typically found in routine, repetitive, unskilled work upon her underlying finding that the plaintiff is not "fully credible."  Given that the burden at this phase of the case was on the Commissioner to show an ability, despite severe impairments and an inability to perform

past relevant work, to perform substantial gainful activity,
this abstract minimization of the plaintiff's depression,
fatigue and anxiety to something defined no more specifically
or functionally than something less than a level of depression,
fatigue and anxiety that would prevent the performance of
routine, repetitive, unskilled work does not suffice.  The
ALJ's statement of her finding, indeed, reflects that the ALJ
was not properly allocating the burden to the Commissioner.  As
already noted, the ALJ's reasoning was that while the plaintiff
had shown that she can not perform her past relevant work,
"neither the medical record nor the claimant's activities of
daily living support a finding that she is precluded from the
performance of other work."  Tr. 21.  Instead of asking and
addressing whether the Commissioner had proven a residual
functional capacity for other work, the ALJ was asking and
addressing whether the plaintiff had shown that she can not
perform other work.  The ALJ therefore did not correctly
determine the plaintiff's residual functional capacity.
Furthermore, it is again emphasized that no evidence in the
record affirmatively shows a residual functional capacity for
medium work.

13

It is recommended that this case be remanded to the Commissioner for further consideration consistent with this Report and Recommendation.

*/s/ J. Andrew Smyser*
J. Andrew Smyser
Magistrate Judge


Dated: August 8, 2005.