```
                    UNITED STATES DISTRICT COURT
                 FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
```

KATHLEEN M. DIETHORN,            :
                                 :
         Plaintiff,              :CIVIL ACTION NO. 3:04-CV-2788
                                 :
         v.                      :(JUDGE CONABOY)
                                 :(Magistrate Judge Smyser)
JO ANNE B. BARNHART,             :
Commissioner of Social           :
Security,                        :
                                 :
         Defendant.               :
_____

## MEMORANDUM AND ORDER

Before the Court is Plaintiff's Motion for Attorney Fees, Mailing Expenses, and Filing Fee Costs, (Doc. 20), in which Plaintiff seeks reimbursement under the Equal Access to Justice Act ("EAJA") following this Court's remand of her Social Security appeal.  The matter has been fully briefed and is now ripe for disposition.  Defendant's primary opposition to the motion requires us to consider whether her refusal of benefits was "substantially justified."  (*See* Doc. 24.)  For the reasons discussed below, we do not find that Defendant has met her burden on this issue and, therefore, grant Plaintiff's motion as modified.

## I. Background

The background of this case regarding Plaintiff's alleged disabilities and Defendant's denial of her application for benefits is thoroughly set out in the Court's Memorandum and Order issued on September 22, 2005, (Doc. 18).  In that Memorandum and Order we

1

determined that the case should be remanded to the Commissioner. The two bases for our decision were that the Administrative Law Judge ("ALJ") did not properly consider a determination by the Public School Employees' Retirement System ("PSERS") that Plaintiff was disabled, (Doc. 18 at 8-10), and the ALJ's determination regarding Plaintiff's residual functional capacity ("RFC") was not supported by substantial evidence, (*id.* at 10-15). Based on our findings, we remanded the case to the Commissioner for further consideration pursuant to the fourth sentence of 42 U.S.C. § 405(g). (Doc. 18 at 16.) After Plaintiff applied for reimbursement under the EAJA, (Doc. 20), and filed a brief in support of her motion, (Doc. 21), Defendant filed an opposing brief, (Doc. 24). Defendant asserts that Plaintiff is not entitled to fees as a prevailing party because the government's position was substantially justified. (*Id.* at 2.) Defendant further argues that Plaintiff is not entitled to payment of expenses for the certified service of the complaint. (*Id.* at 14.) Plaintiff replies that Defendant has not met her burden of establishing substantial justification for her position and, therefore, Plaintiff's motion should be granted as amended (to include Plaintiff's counsel's time regarding Defendant's opposition to the EAJA motion). (Doc. 25.) Regarding the challenged expense, Plaintiff replies that Defendant has not objected to awarding mailing expenses in previous cases and should be equitably estopped

from doing so now.  (*Id.* at 8-9.)

## **II. Discussion**

### *A.   Substantial Justification of Defendant's Position*

A plaintiff is entitled to reimbursement of attorneys fees and costs under the EAJA if the plaintiff is a "prevailing party" - a status attained when the district court enters judgment that reverses and remands the case to the Commissioner of Social Security pursuant to the fourth sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).  However, if the defendant can show that the government's position was substantially justified, the prevailing party is not entitled to reimbursement. *See* 28 U.S.C. § 2412(d)(1)(A).  The United States Supreme Court has defined "substantially justified" as being "justified in sum or in the main - that is, justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S. 522, 565-66 (1987).  Following *Pierce*, the Third Circuit Court of Appeals explained the standard: the government's position is substantially justified "if it has a reasonable basis in both law and fact." *Hanover Potato Products, Inc. v. Shalala*, 989 F.2d 123, 128 (3d Cir. 1993).  *Hanover* reiterated that it is the government's burden of proving "substantial justification" and also clarified the three-step showing needed.  *Id*. at 128.  The government must show: 1) a reasonable basis in truth for the facts alleged; 2) a reasonable basis in law for the theory it propounded; and 3) a

3

reasonable connection between the facts alleged and the legal theory advanced.  *Id.*  The government's position under the EAJA includes "not only the position taken in the litigation but the agency position that made the litigation necessary in the first place."  *Id.* (citation omitted).

In a recent case in which the Third Circuit Court of Appeals applied the above standards to a Social Security case, the court stated that "an inquiry regarding an EAJA fee application should be guided by the Supreme Court's evaluation of the policy underlying EAJA."  *Grossberg v. Barnhart*, No. 04-2397, 2005 WL 703736, at *2 (3d Cir. Mar. 29, 2005).  The court then quoted the following policy articulated in *Pierce*:

> Concerned that the Government, with its vast resources, could force citizens into acquiescing to adverse Government action, rather than vindicating their rights, simply by threatening them with costly litigation, Congress enacted the EAJA, waiving the United States' sovereign and general statutory immunity to fee awards and creating a limited exception to the 'American Rule' against awarding attorney's fees to prevailing parties.

*Id.* (quoting *Pierce*, 487 U.S. at 575).

Within this legal framework we must decide whether Defendant has made the requisite showing.  Defendant did not present her substantial justification argument in the framework of the Third Circuit's three-prong inquiry.  Rather, Defendant argues that her position was substantially justified because the ALJ's findings had

4

a reasonable basis in law and fact.  (Doc. 24 *passim*.)

We do not find that Defendant can meet the substantially justified standard.  This Court found that remand was required based on the ALJ's improper evaluation in two separate areas.  First, we determined that the ALJ did not fulfill her obligation to analyze all probative evidence when she did not review the determination of the Public School Employees' Retirement System ("PSERS") that Plaintiff was disabled.  (Doc. 18 at 8.)  Second, we found that the ALJ did not adequately support her RFC determination.  (*Id.* at 11.)  Defendant concedes that the ALJ failed to clearly articulate her reasoning on these matters.  (Doc. 24 at 5, 12.)  However, Defendant maintains that "an articulation deficiency that warrants remand does not establish entitlement to fees under the EAJA."  (*Id.* at 6-7 (citing *Stein v. Sullivan*, 966 F.2d 317, 320 (7th Cir. 1992).)

As other courts have noted, *Stein* stands only for the proposition that an ALJ's failure to discuss certain evidence or fully explain her findings does not *require* an award of fees under the EAJA.  *See*, *e.g.*, *Wates v. Barnhart*, 288 F. Supp. 2d 947, 952 (E.D. Wis. 2003).  Here we find that the deficiencies in the ALJ's analysis goes beyond an articulation deficiency.  As discussed in our Memorandum and Order, (Doc. 18), the ALJ did not accurately reflect Dr. Sam's findings and drew conclusions not supported by the record.  (*Id.* at 12-13.)

5

The problem with the ALJ's determination that Plaintiff could do medium work is two-fold.  First, her conclusion that the Medical Source Statement showed no limitations that would last for more than a year is not supported by Dr. Sam's findings.  Second, medical evidence of record not discussed by the ALJ indicates physical limitations which may impact Plaintiff's ability to do medium work.

Regarding Dr. Sam's evaluation, he did not indicate that Plaintiff had no limitations except for those related to her fractured humerus.  Rather, he indicated that her lifting and carrying abilities were "difficult to determine" because of the fracture.  (R. at 309.)  He also stated that he did not have her squat or raise from squatting position due to balance issues related to her fracture.  (R. at 307.)  In assessing some postural activities (stooping, crouching, balancing and climbing), Dr. Sams made no findings, noting that Plaintiff's humerus fracture made balance difficult.  (R. at 310.)

This review of Dr. Sams' report indicates that - contrary to the ALJ's analysis - he did not conclude that Plaintiff had no limitations in her abilities to lift, carry, push, pull, stoop, crouch, balance or climb.  (*See* R. at 309-10.)  Rather, Dr. Sams' report indicates only that he was unable to determine Plaintiff's abilities in these areas.

Dr. Sams' specific language and the areas in which he did not test Plaintiff's abilities are important because all of these activities are related to a person's ability to lift.  This is particularly so given that medium work "involves lifting no more than fifty pounds at a time with frequent lifting or carrying of objects weighing up to twenty-five pounds."  20 C.F.R. § 404.1567(c).  A related Social Security Ruling identifies the activities and abilities inherent in the lifting requirements of medium work: "frequent bending-stooping" are usually required and "[f]lexibility of the knees as

6

> well as the torso is important." Social Security Ruling 83-10, 1983 WL 31251, at *6.
>
> Other physical findings made by Dr. Sams which may implicate lifting difficulties regard the spine and knee: "The spinal curves are not normal.  There is scoliosis and paraspinal muscle spasm noted in the lumbar spine. . . . The patient may note significant complaint of back or knee pain . . . ."  (R. at 307-08.)  He noted that her lateral flexion was "difficult."  (R. at 312.)
>
> The significance of Dr. Sam's difficulty in evaluating some categories of work-related physical activities is heightened by the fact that the ALJ did not adequately discuss probative evidence of Plaintiff's physical problems.  Regarding knee pain, diagnostic tests showed "markedly decreased patellofemoral joint space bilaterally."  (R. at 98.)  Progress notes from Iron Ridge Family Practice indicate that, along with depression, Plaintiff's other physical problems include fibromyalgia and arthritis. (*See*, *e.g.*, R. at 369.)  The ALJ did not discuss this and similar evidence.
>
> Given the ALJ's duty to discuss probative evidence and the fact that she did not do so here, we cannot say that her decision regarding Plaintiff's RFC, specifically her ability to do medium work, is supported by substantial evidence. Therefore, this issue must be further developed upon remand.

(Doc. 18 at 12-14.)  As this analysis indicates, the Court found deficiencies in the ALJ's analysis that are more than a failure to articulate.  Given the nature of the deficiencies found, we cannot say that the ALJ's RFC determination represents "a reasonable basis in truth for the facts alleged" or "a reasonable connection between the facts alleged and the legal theory advanced."  *See supra* pp. 3-4.  Other courts have found that where the reasons given by the ALJ

7

"do not build an accurate and logical bridge between the evidence and the result . . . the ALJ's decision to deny benefits was not substantially justified." *Hubbard-Davis v. Apfel*, No. 95 C 5556, 1998 WL 417595 (N.D. Ill. July 20, 1998); *Gibson-Jones v. Apfel*, 995 F. Supp. 825 (N.D. Ill. 1998). Because the ALJ's decision does not meet the requisite standard, we cannot say that Defendant's position was "substantially justified." Therefore, Plaintiff is entitled to fees as a prevailing party under the EAJA.

### B.   *Entitlement to Payment of Mailing Costs*

Defendant asks the Court to reject Plaintiff's request for $15.33 in expenses for the certified mail service of the Complaint. (Doc. 24 at 14.) The basis of the request is Defendant's averment that a cost of service is not reimbursable because it is "neither an element of an attorney's fee nor a cost expressly taxed by statute and a court lacks power to shift out-of-pocket expenses that fall into neither category." (*Id.*) Plaintiff does not contest the substance of Defendant's argument. Rather, she maintains that it has been Defendant's policy in previous cases to cover mailing expenses and, therefore, Defendant should be equitably estopped from contesting the expenses now. (Doc. 25 at 8-9.)

To succeed on an equitable estoppel claim, a litigant must prove "(1) a misrepresentation by another party; (2) which he reasonably relied upon; (3) to his detriment." *United States v.*

8

*Asmar*, 827 F.2d 907, 912 (3d Cir. 1987). The burden of proof is on the party claiming estoppel. *Id.*

Here Plaintiff claims estoppel but does not set out the required elements nor make any attempt to further analyze her claim beyond the assertion that Defendant has not previously objected to the payment of the expense for service of a complaint. Plaintiff cannot satisfy her burden with this general averment. Therefore, we conclude that Plaintiff is not entitled to recover the $15.33 associated with the cost of service of the Complaint.

### *C. Fee Award*

Plaintiff originally requested $5,457.69 in attorney's fees and mailing expenses and $150.00 in filing fee costs. (Doc. 21 at 8.) Deducting the mailing expenses of $15.33, the amount Plaintiff is to be paid for attorney's fees is $5442.36 plus $1,412.46 for attorney's fees associated with Defendant's opposition to Plaintiff's request for fees for a total of $6,854.82 in EAJA fees. (*See* Doc. 25 at 9-10.) Added to this is the $150.00 filing fee cost to be paid pursuant 28 U.S.C. § 1920. Therefore, the total payable to Plaintiff is $7004.82.

### III. Conclusion

For the reasons discussed above, we conclude that Plaintiff is entitled to EAJA fees in the amount of $6,854.82 plus $150.00 filing fee cost for a total of $7004.82. An appropriate Order follows.

                                            S/Richard P. Conaboy
                                            RICHARD P. CONABOY
                                            United States District Judge

DATED: February 20, 2006

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

```
KATHLEEN M. DIETHORN,           :
                                :
        Plaintiff,              :CIVIL ACTION NO. 3:04-CV-2788
                                :
        v.                      :(JUDGE CONABOY)
                                :(Magistrate Judge Smyser)
JO ANNE B. BARNHART,            :
Commissioner of Social          :
Security,                       :
                                :
        Defendant.              :
```
_____

**ORDER**

AND NOW, THIS 20th DAY OF FEBRUARY 2006, FOR THE REASONS DISCUSSED IN THE ACCOMPANYING MEMORANDUM, IT IS HEREBY ORDERED THAT:

1. Plaintiff's Motion for Attorney Fees, Mailing Expenses, and Filing Fee Costs, (Doc. 20), is DENIED in part and GRANTED as modified in part;

2. The Motion is DENIED as to Plaintiff's request for mailing expenses;

3. The Motion is GRANTED as modified for a total fee and filing expense payment due of $7,004.82;

4. The Clerk of Court is directed to mark the docket.

　　　　　　　　　　　　　　　　S/Richard P. Conaboy
　　　　　　　　　　　　　　　　RICHARD P. CONABOY
　　　　　　　　　　　　　　　　United States District Judge

　　　　　　　　　　　　　　　　_____

10